STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2022 CA 0499

GULFSOUTH CREDIT, LLC

VERSUS

CLAUDELL CONWAY

**Judgment Rendered:   DEC 0 7 2022**

* * * * * *

Appealed from the
Baton Rouge City Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number 21-02750-C

Honorable Johnell M. Matthews, Presiding

* * * * * *

| | |
|---|---|
| Richard D. Bankston | Counsel for Plaintiff/Appellant |
| Abbey S. Knight | Gulfsouth Credit, LLC |
| Baton Rouge, LA | |
| | |
| Claudell Conway | Defendant/Appellee |
| Baton Rouge, LA | In Proper Person |

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, AND WOLFE, JJ.

**GUIDRY, J.**

Plaintiff/appellant, Gulfsouth Credit, LLC (Gulfsouth), appeals from a trial court judgment failing to award it post-judgment interest in a suit to recover the unpaid debt on three promissory notes executed by defendant/appellee, Claudell Conway. For the reasons that follow, we reverse the trial court's judgment in part and remand this matter to the trial court for entry of a judgment consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

On August 5, 2021, Gulfsouth filed a suit on three promissory notes against Claudell Conway. In its petition, Gulfsouth alleged that Conway executed the first promissory note on December 13, 2018, in favor of Gulfsouth in the amount of $6,162.23, together with interest at the rate of 29.3% per year, until the first year after the contract maturity date of January 1, 2021, and thereafter at the rate of 18% per year until satisfied, together with attorney's fees of 25% of principal and interest. Conway executed a second promissory note in favor of Gulfsouth on July 18, 2019, in the amount of $3,599.24, together with interest at the rate of 31.98% per year, until the first year after the contract maturity date of August 1, 2021, and thereafter at the rate of 18% per year until satisfied, together with attorney's fees of 25% of principal and interest. Conway executed the third promissory note in favor of Gulfsouth on December 1, 2020, in the amount of $1,916.67, together with interest at the rate of 30% per year, until the first year after the contract maturity date of December 10, 2022, and thereafter at the rate of 18% per year until satisfied, together with attorney's fees of 25% of principal and interest.

Gulfsouth alleged that despite demand, Conway has allowed payments on the promissory notes to fall behind, and therefore, under the terms of the notes, it was declaring the entire unpaid balance due and payable, together with interest, late charges, and attorney's fees. Accordingly, Gulfsouth sought judgment against

Conway for $3,453.18, together with interest on $322.44 of that amount from the date of judicial demand at the rate of 29.3% per year until January 1, 2022, and thereafter at the rate of 18% per year until satisfied; together with interest on $1,292.81 of that amount from the date of judicial demand at the rate of 31.98% per year until August 1, 2022, and thereafter at the rate of 18% per year until satisfied; together with interest on the remaining amount of $1,837.93 from the date of judicial demand at the rate of 30% per year until December 10, 2023, and thereafter at the rate of 18% per year until satisfied. Gulfsouth also sought attorney's fees in the amount of 25% of the principal and interest and for all court costs, which includes but is not limited to any money paid to a private process server to serve documents in the suit.

Following a trial on February 24, 2022, the trial court rendered judgment in favor of Gulfsouth and against Conway for the payoff amount as of the date of the trial for the sum of $5,283.14 together with an attorney's fee of 25% and for all costs, including but not limited to any money paid to a private process server to serve documents in the suit and court costs. The judgment denied any post-judgment interest. Gulfsouth appealed from the trial court's judgment, asserting that the trial court erred in failing to award it post-judgment interest. On appeal, this court ex proprio motu, issued a rule to show cause due to an apparent defect in the trial court's judgment, citing D'Luca v. Kirkland, 20-0713, 20-0714, p. 3 (La. App. 1st Cir. 2/19/21), 321 So. 3d 411, 413-414 and U.S. Bank National Association as Trustee for RFMSI 2005S7 v. Dumas, 21-0585, p. 3 (La. App. 1st Cir. 12/22/21), 340 So. 3d 246, 249. Specifically, this court noted that the judgment at issue includes an award for "all costs," further specifying that the term "costs … includes (but is not limited to) any money paid to a private process server to serve documents in this suit[,]" but that this language does not specify the amount of costs for the proceeding nor does it specify the costs of the private process server. Consequently, because

3

the precise amounts of the "costs" awarded in the judgment cannot be determined from the judgment alone, this court ordered the parties to show cause why the appeal should or should not be dismissed or remanded.

After receiving a response to the show cause order and referring the matter to the merits of the appeal, this court found the judgment was indefinite and therefore not a final judgment because it did not specify an amount for the award of costs for a private process server and otherwise left determination of those costs for a later date. As such, this court remanded the matter to the trial court for the limited purpose of instructing the trial court to sign an amended final judgment that is precise, definite, and certain and contains proper decretal language and ordered that the record in this pending appeal shall be supplemented with such amended final judgment within 15 days.

On November 9, 2022, the record on appeal was supplemented with an amended final judgment, in favor of Gulfsouth and against Conway for the payoff amount as of February 24, 2022, the date of trial, for the sum of $5,283.14, together with an attorney's fee of twenty-five percent, and for all court costs.

**DISCUSSION**

The Louisiana Consumer Credit Law, La. R.S. 9:3510 et seq., defines "unpaid debt" as used in that Chapter as "the total of the amount financed, loan finance charges, default charges, and delinquency charges including the amount due at the time of default plus *all interest which may accrue from the time of default until the entire balance is paid.*" La. R.S. 9:3516(37) (Emphasis added). Louisiana Revised Statutes 9:3519-9:3521 permits interest in the amounts set out in the promissory notes at issue herein, including the assessment of interest in the amount of 18% per annum beginning one year after maturity until paid. See Tri-Parish Financial Services, Inc. v. Bradley, 01-1350, p. 4 (La. App. 5th Cir. 3/26/02), 815 So. 2d 219, 221.

Gulfsouth, in filing its suit on the promissory notes, sought the amount owed under the notes, plus interest in the amounts set forth in those notes until maturity. Additionally, Gulfsouth sought, in conformity with the promissory notes, an award of interest at the rate of 18% from maturity of each note until paid. Gulfsouth introduced copies of the three promissory notes into evidence at the hearing and a representative from Gulfsouth testified as to the amounts owed on each note, including the breakdown of interest owed before and after maturity. Accordingly, because we find that an award of interest *until the notes are paid* is both statutorily and contractually provided for, and Gulfsouth presented evidence regarding the calculation of the amount of interest owed, we find the trial court abused its discretion in failing to include an award for interest at the rate of 18% until paid in its judgment.

## CONCLUSION

For the foregoing reasons, we reverse the trial court judgment to the extent that it failed to award interest at the rate of 18% until paid on each note and remand this matter to the trial court for entry of a judgment consistent with this opinion.

**REVERSED IN PART AND REMANDED.**